**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000558
13-JAN-2022
08:31 AM
Dkt. 88 SO**

NO. CAAP-18-0000558

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KOA NAVARRO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-17-0000303)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant, Koa Navarro (**Navarro**) appeals from the Judgment of Conviction and Probation Sentence; Notice of Entry of Judgment, entered on June 21, 2018, by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]  On appeal, Navarro contends that the Circuit Court erred in excluding impeachment evidence pursuant to Hawaii Rules of Evidence (**HRE**) Rule 613(b), and further contends that such error was not harmless because "the outcome of the trial turned on whether the jury believed [the complainant's] claim that at the time of the incident, [Navarro] punched him in the face three times and caused him to suffer bodily injury."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1]  The Honorable Randal G.B. Valenciano presided.

the arguments advanced and the issues raised by the parties, we resolve Navarro's point of error as follows.

## I. BACKGROUND

Plaintiff-Appellee State of Hawaiʻi (**State**) charged Navarro with Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-712(1)(a) (Supp. 2014).[2]

On March 22, 2017, an alleged physical altercation occurred between Navarro and the complainant Lowen Gonzales (**Gonzales**).  The State called the following witnesses at trial:

### Lowen Gonzales

On direct examination, Gonzales testified that he, Michaelyn Alalem (**Alalem**), and Brianee Cabacangan (**Cabacangan**) were co-workers at Kauaʻi Beach Resort (**KBR**).  Gonzales worked with Navarro when Navarro was still employed at KBR.

Prior to the incident, Gonzales and Alalem had a one-time intimate encounter.  Gonzales subsequently received a Snapchat message from "Koa KBR" stating, "You better leave [Alalem] alone or I'll break your jaw."  Gonzales believed it was from Navarro because he had Navarro saved as "Koa KBR" in his list of friends on Snapchat.

On the night of March 22, 2017, Gonzales, Alalem, and Cabacangan went to a beach access road near KBR to drink and socialize.  Gonzales had one beer.  Gonzales testified that, while there, Navarro arrived in his car, got out, and approached Gonzales while repeatedly telling him, "What did I tell you?"

---

[2]  HRS § 707-712(1)(a) provides that "[a] person commits the offense of assault in the third degree if the person intentionally, knowingly, or recklessly causes bodily injury to another person."  "Bodily injury" means "physical pain, illness, or any impairment of physical condition."  HRS § 707-700 (2014).

Navarro then punched him three times on his left cheek and jaw area. While punching Gonzales, Navarro repeatedly said, "What did I tell you?" On a scale of one to ten, ten being the most painful, Gonzales testified that his level of pain was a six. He experienced swelling and redness on his face. Navarro left the scene when Gonzales called 911.

On cross-examination, the Deputy Public Defender (**DPD**) attempted to impeach Gonzales for an alleged prior inconsistent statement he made to Kaua'i Police Department Officer Eric Higa (**Officer Higa**):

> [DPD:] And you also testified that [Alalem and Cabacangan] were both present?
>
> [Gonzales:] Yes.
>
> [DPD:] Isn't it true that when Officer Higa asked you who was present, you said you and [Alalem] and only you and [Alalem]?
>
> [Gonzales:] No.

### Brianee Cabacangan

Cabacangan testified that she previously worked with Navarro at KBR. On the night of the incident, she had two beers. She, Alalem, and Gonzales were hanging out at the beach access road when she saw Navarro arrive in his car. Cabacangan then observed Navarro approach Gonzales and Navarro's hand make contact with Gonzales' face. She could not recall whether it was his fist or open palm. Cabacangan confirmed on direct examination that it was Navarro who hit Gonzales in the face. On cross-examination, Cabacangan testified that she informed Officer Higa she witnessed Navarro hit Gonzales in the face one time.

3

### Michaelyn Alalem

Alalem testified that she knew Navarro when he worked at KBR and was in a six-month relationship with him at the time of the incident. On the night of the altercation, she, Cabacangan, and Gonzales were all hanging out at the beach access road when she saw Navarro show up in his car. Alalem testified that after seeing Navarro arrive, she could not remember the rest of the details. She had "at least three beers" that night.

### Officer Eric Higa

Officer Higa testified to taking Gonzales' statement shortly after the incident occurred. Officer Higa stated that Gonzales identified Navarro as the person who punched him in the face. During cross-examination, the DPD attempted to introduce impeaching evidence. The State objected, and the Circuit Court sustained:

> [DPD:] And isn't it true that when you spoke to Mr. Gonzales and asked who was present that night, he told you that —
>
> [Deputy Prosecuting Attorney (**DPA**):] Objection.
>
> THE COURT: Approach.
>
> (The following discussion was had at the bench out of the hearing of the jury.)
>
> [DPA:] She's trying to get in hearsay.
>
> [DPD:] *It's impeachment, prior inconsistent statement.*
>
> [DPA:] She's not impeaching this officer. She's trying to impeach [Gonzales].
>
> THE COURT: Somebody else, yeah.
>
> [DPA:] She should have done that when [Gonzales] was on the stand.
>
> THE COURT: I agree. Okay. Sustained.
>
> [DPD:] Well, I tried to —
>
> (End of bench conference.)

(Emphasis added.)

The DPD then questioned Officer Higa on Gonzales' prior statement regarding the level of pain he experienced. Over the State's objection, the Circuit Court allowed Officer Higa to testify that Gonzales informed him the level of pain he experienced was a "four out of ten."

## II. STANDARD OF REVIEW

On appeal, we review the trial court's evidentiary ruling pursuant to HRE Rule 613(b) under the right/wrong standard. See State v. Holt, 116 Hawaiʻi 403, 414, 173 P.3d 550, 561 (App. 2007); State v. Ortiz, 91 Hawaiʻi 181, 189, 981 P.2d 1127, 1135 (1999).

## III. DISCUSSION

Navarro argues that the Circuit Court erred in excluding impeachment evidence, and that such error was not harmless because the trial's outcome depended on Gonzales' testimony. While the Circuit Court erred in precluding Navarro from eliciting a prior inconsistent statement from Gonzales for impeachment purposes, the error did not contribute to Navarro's conviction. State v. Pond, 118 Hawaiʻi 452, 461, 193 P.3d 368, 377 (2008).

**A.** **The Circuit Court Erred In Precluding Navarro From Eliciting Gonzales' Prior Inconsistent Statement For Impeachment Purposes**

HRE Rule 613(b) provides that "[e]xtrinsic evidence of a prior inconsistent statement by a witness is not admissible unless, on direct or cross-examination, (1) the circumstances of the statement have been brought to the attention of the witness, and (2) the witness has been asked whether the witness made the statement." HRE Rule 613(b). Furthermore, the "foundation

5

requirement is for the purpose of rekindling the witness' memory, and substantial compliance is all that is necessary." State v. Pokini, 57 Haw. 26, 29, 548 P.2d 1402, 1405 (1976).

Here, at trial, Gonzales testified on direct examination that his "coworkers [Alalem and Cabacangan]" accompanied him to the beach access road. On cross examination, pursuant to HRE 613(b), the DPD laid the foundation to impeach Gonzales for an alleged prior inconsistent statement he made to Officer Higa when Gonzales denied telling Officer Higa that only he and Alalem were present during the incident. The DPD then sought to introduce the prior inconsistent statement through Detective Higa's testimony, which the Circuit Court disallowed based on a hearsay objection.

The DPD, however, sufficiently complied with the requirements of HRE Rule 613(b) because where the "circumstances accompanying the making of the supposed statement have been called to the attention of the witness upon cross-examination, and he denies having made the statement, or fails to admit it distinctly, or says that he does not remember, the foundation requirements for the impeaching evidence have been satisfied." Pokini, 57 Haw. at 29, 548 P.2d at 1405 (citation omitted).

Since application of HRE Rule 613(b) "admits of only one correct result," the Circuit Court was wrong to sustain the State's objection, precluding Navarro from eliciting Gonzales' prior inconsistent statement for impeachment purposes. See State v. Duncan, 101 Hawaiʻi 269, 278, 67 P.3d 768, 777 (2003); Ortiz, 91 Hawaiʻi at 189-90, 981 P.2d at 1135-36.

**B.    The Error Was Harmless Beyond A Reasonable Doubt**

Navarro contends that the Circuit Court's error was not harmless, arguing that "[w]ith respect to the elements of assault, the case depended almost entirely on [Gonzales'] credibility" because "the outcome of the trial turned on whether the jury believed [Gonzales'] claim that at the time of the incident, [Navarro] punched him in the face three times and caused him to suffer bodily injury."  In doing so, Navarro quotes from State v. Tuua, 125 Hawaiʻi 10, 17, 250 P.3d 273, 280 (2011), for the proposition that "[i]n close cases involving the credibility of witnesses, particularly where there are no disinterested witnesses or other corroborating evidence, this court has been reluctant to hold improper statements harmless." Contrary to Navarro's contention, this case did not turn on Gonzales' testimony that Navarro "punched him in the face three times."

When applying the "harmless beyond a reasonable doubt" standard, we must "determine whether there is a reasonable possibility that the error complained of might have contributed to the conviction."  See Pond, 118 Hawaiʻi at 461, 193 P.3d at 377; Hawaiʻi Rules of Penal Procedure Rule 52(a).  Here, there was no reasonable possibility that the Circuit Court's error might have contributed to Navarro's conviction.

To convict Navarro of Assault in the Third Degree, the State was required to prove beyond a reasonable doubt that Navarro intentionally, knowingly, or recklessly caused bodily injury to Gonzales.  See HRS § 707-712(1)(a).  Navarro's defense

7

was that he was not there and the State failed to prove the charge beyond a reasonable doubt.

At trial, Gonzales testified that prior to the incident, he received a Snapchat message from Navarro under the name "Koa KBR" saying, "You better leave [Alalem] alone or I'll break your jaw." Gonzales also identified Navarro to Officer Higa as the person who punched him in the face, and testified that he experienced pain, swelling, and redness.

But even without Gonzales' testimony, the State adduced evidence through Alalem's and Cabacangan's testimonies. Both Alalem and Cabacangan testified that they observed Navarro approaching Gonzales, corroborating Gonzales' testimony that the three of them were present at the beach access road when Navarro arrived and that Navarro was present at the time of the incident.

Cabacangan further testified that she witnessed Navarro "going towards Gonzales" and Navarro's hand make physical contact with Gonzales' face. She also testified that she informed Officer Higa she saw Navarro either push or punch Gonzales in the face. See State v. Hoang, 94 Hawaiʻi 271, 281, 12 P.3d 371, 381 (App. 2000) (concluding that the trier of fact could reasonably infer pain from evidence of physical contact, even though there was no specific evidence adduced regarding pain).

Thus, contrary to Navarro's contention, the outcome of the trial did not turn on whether the jury believed Gonzales' claim that Navarro "punched him in the face three times" causing him bodily injury. There was "other corroborating evidence" to prove that Navarro was at the scene of the incident, and that he

intentionally, knowingly, or recklessly caused bodily injury to Gonzales.  Tuua, 125 Hawaiʻi at 17, 250 P.3d at 280. Accordingly, the Circuit Court's exclusion of Gonzales' prior inconsistent statement did not infect the verdict and was harmless beyond a reasonable doubt.  Pokini, 57 Haw. at 34, 48 P.3d at 1407.

## IV. CONCLUSION

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence; Notice of Entry of Judgment, entered on June 21, 2018, in the Circuit Court of the Fifth Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, January 13, 2022.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

9